McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>    Defendant. | Case No: 1:19-cr-00243 DAD/BAM<br><br>**STIPULATION TO CONTINUE APRIL 13, 2020 STATUS CONFERENCE TO JULY 27, 2020; ORDER**<br><br>Ctrm: 8<br><br>Hon. Barbara A. McAuliffe |

    This case is set for a status conference on April 13, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

    Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

1

exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time."

///

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Monday, April 13, 2020 status conference be continued to Monday, July 27, 2020, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The government has thus far provided 913 pages of discovery to defense counsel. Defense counsel continues with her review and analysis of these items.

2. Pursuant to directives located within the Adam Walsh Act, the above discovery did not include imaged copies of electronic devices that contain child pornography. Accordingly, in order for the defense to complete its review of all of the evidence underlying the government's charges, it will need access to imaged copies of these devices, whether through an expert or other member of the defense's legal team. Counsel for the government will assist with arranging the logistics of this review at Homeland Security Investigations, likewise in accord with the Adam Walsh Act.

3. However, in light of the current (and spreading) COVID-19 pandemic, counsel for the government learned on April 3, 2020 from separate computer forensics analysts at Homeland Security Investigations (who respectively work at the Bakersfield and Fresno offices) that the ability of HSI offices throughout the Eastern District of California is currently diminished and delayed in light of this pandemic.

4. Counsel for the parties will work to facilitate the defense's ability to analyze all evidence in this case by the requested continuance date of July 27, 2020. The parties further expect to be able to meaningfully engage in discussions regarding a possible resolution of this case by that time.

5. The parties therefore stipulate that the period of time from April 13, 2020, through July 27, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and

(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: April 3, 2020                          MCGREGOR W. SCOTT
                                                                 United States Attorney

                                             By: /s/ BRIAN W. ENOS
                                                          BRIAN W. ENOS
                                                          Assistant United States Attorney

                                                           (*As authorized 4/6/20*)

Dated: April 6, 2020                       By:   /s/ Galatea R. DeLapp
                                                                  Galatea R. DeLapp, Esq.
                                                                  Attorney for Defendant
                                                                  Louie Santiago Seja, Jr.

# **O R D E R**

IT IS ORDERED that the status hearing currently set for April 13, 2020 at 1:00 pm is continued until **July 27, 2020 at 1:00 pm before Magistrate Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the period of time from April 13, 2020, through July 27, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **April 6, 2020**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE