1  McGREGOR W. SCOTT
   United States Attorney
2  BRIAN W. ENOS
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, Ca 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES OF AMERICA, | Case No: 1:19-cr-00243-DAD-BAM |

12 | Plaintiff, | **STIPULATION TO CONTINUE JULY 27, 2020 STATUS CONFERENCE TO SEPTEMBER 28, 2020; ORDER** |

13 |  |  |

14 | v. |  |

   |  | Ctrm:   8 |
15 |  |  |
   |  | Hon. Barbara A. McAuliffe |
16 | LOUIE SANTIAGO SEJA, JR., |  |

17 | Defendant. |  |

18

19

20     This case is set for a status conference on July 27, 2020. On April 17, 2020, this Court issued

21 General Order 617, which suspended all jury trials in the Eastern District of California scheduled to

22 commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date

23 after June 1. This and previous General Orders were entered to address public health concerns related to

24 COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order

25 617 and extended the court's "judicial emergency for an additional one-year period and suspending the

26 time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

27 ///

28

                                          1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Monday, July 27, 2020 status conference be continued to Monday, September 28, 2020, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The parties have discussed in detail the parameters of a potential resolution of this case in advance of trial. On this end, counsel for the government advised defense counsel last week that he should have a draft plea agreement delivered to the defense within the next couple of weeks.

2. Defendant is currently housed in the Fresno County jail. He recently tested positive for COVID-19 and has been in quarantine. As a result, it has been extremely difficult for defense counsel to speak with him in confidence. The parties nevertheless will endeavor to meaningfully continue with their efforts at resolving this matter prior to the continued status conference, through the point of being able to advise the court whether the matter can be set for a change of plea, or alternatively should be set for trial, by that date.

3. The parties therefore stipulate that the period of time from July 27, 2020, through September 28, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i)

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

1 | and (iv) because it results from a continuance granted by the Court at the parties' request on
2 | the basis of the Court's finding that the ends of justice served by taking such action outweigh
3 | the best interest of the public and the defendant in a speedy trial.
4 | ///
5 | IT IS SO STIPULATED.

Dated:  July 20, 2020                                MCGREGOR W. SCOTT
                                                     United States Attorney

                                              By:   /s/ BRIAN W. ENOS
                                                     BRIAN W. ENOS
                                                     Assistant United States Attorney


                                                     (*As authorized 7/20/20*)

Dated: July 20, 2020                          By:   /s/ Galatea R. DeLapp
                                                     Galatea R. DeLapp, Esq.
                                                     Attorney for Defendant
                                                     Louie Santiago Seja, Jr.

**O R D E R**

IT IS ORDERED that the status hearing currently set for July 27, 2020 at 1:00 pm is continued until **September 28, 2020, at 1:00 pm before Magistrate Judge Barbara A. McAuliffe.**

IT IS FURTHER ORDERED THAT the period of time from July 27, 2020, through September 28, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **July 20, 2020**                   /s/ Barbara A. McAuliffe
                                                                       UNITED STATES MAGISTRATE JUDGE

5