PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>    Defendant. | Case No: 1:19-cr-00243-DAD-BAM<br><br>**STIPULATION TO VACATE OCTOBER 13, 2021 STATUS CONFERENCE AND SET JANUARY 24, 2022 CHANGE OF PLEA HEARING: AND ORDER**<br><br>Ctrm:   8<br><br>Hon. Barbara A. McAuliffe |

      This case is set for a status conference in Courtroom 8 on October 13, 2021. Dkt. 35. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the

prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Wednesday, October 13, 2021 status conference in Courtroom 8 be vacated and a January 24, 2022 (10:00 a.m.) change of plea hearing be set in Department 5.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. The parties began substantively discussing the parameters of a potential resolution of this case in advance of trial last year. On this end, counsel for the government sent defense counsel the government's plea offer last fall. In determining its response to the government's plea offer and pursuant to relevant provisions of the Adam Walsh Act, defense counsel was

3

able to work with an agent of Homeland Security Investigations' ("HSI") Fresno office to schedule a date and time by which to analyze the electronic evidence in this case, despite it being closed to such analyses taking place in this respect for large components of the past 18 months due to the COVID-19 pandemic. This analysis has since been completed, and pursuant to the same counsel for both parties thereafter discussed the electronic evidence in this case, and how such evidence may impact the contours of a potential plea agreement.

2. After the aforementioned discussions, counsel for the government determined that he likewise needed to revisit the electronic evidence in this case, which was (and is) located at HSI's Fresno office. Despite overcoming additional delays pursuant to learning that someone at HSI Fresno tested positive for COVID (thereby preventing office visitors), counsel for the government was able to revisit and re-analyze this case's electronic evidence with the lead agent. Subsequent to this follow-up review, counsel for the government sent defense counsel its analyses regarding the (three) evidentiary issues that the defense had previously raised. Counsel for the government delivered its analyses of these issues to defense counsel in June 2021.

3. Since this time, the parties believe they have reached a resolution in this case and expect to be able to file a fully executed plea agreement within the next several weeks. Defendant is currently housed in the Fresno County jail, and although he has recovered from previously contracting the COVID-19 virus, follow up quarantines at the jail continue to make it difficult for defense counsel to timely meet with him in confidence. Counsel for the parties discussed potential dates wherein both the parties and the court could appear at a change of plea hearing, and January 24, 2022 was identified as the best such date.

4. The parties therefore stipulate that the period of time from October 13, 2021, through January 24, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties' proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking

4

1     such action outweigh the best interest of the public and the defendant in a speedy trial.

2   IT IS SO STIPULATED.

3   Dated:  September 13, 2021                        PHILLIP A. TALBERT
                                                                            Acting United States Attorney

                                                              By:  /s/ Brian W. Enos
                                                                       Brian W. Enos
                                                                       Assistant United States Attorney

                                                                             (*As authorized 9/13/21*)

8   Dated: September 13, 2021                        By:    /s/ Galatea R. DeLapp
                                                                         Galatea R. DeLapp, Esq.
                                                                         Attorney for Defendant
                                                                         Louie Santiago Seja, Jr.

**O R D E R**

IT IS ORDERED that the status hearing currently set for October 13, 2021, at 1:00 pm is vacated and a change of plea hearing in Courtroom 5 for **January 24, 2022, at 10:00 a.m. before District Judge Dale A. Drozd**.

IT IS FURTHER ORDERED THAT the period of time from October 13, 2021, through January 24, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties' proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **September 13, 2021**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

6