PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>　　　　　　　　　Defendant. | Case No: 1:19-cr-00243 DAD/BAM<br><br>**STIPULATION TO CONTINUE JANUARY 24, 2022 CHANGE OF PLEA HEARING TO MARCH 7, 2022; ORDER**<br><br>Ctrm:　8<br><br>Hon. Dale A. Drozd |

　　　This case is set for a change of plea hearing in Courtroom 5 on January 24, 2022. Dkt. 37. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent

1

such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the

prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Monday, January 24, 2022 change of plea hearing in Courtroom 5 be continued to Monday, March 7, 2022 (9:00 am).**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. Prior to this action's October 13, 2021 status conference, the parties stipulated to and filed a request to set a change of plea hearing for January 24, 2022.  On September 13, 2021, the court (Ctrm 8) endorsed this stipulation by way of formal order.
2. Defendant is in custody at the Fresno County Jail.
3. On January 14, 2022, counsel to the parties in this case discussed the status of executing and

3

1. filing the plea agreement in advance of the change of plea hearing.  While the defense continues to anticipate that defendant will sign the plea agreement after being fully apprised of its terms pursuant to in-person meeting, defense counsel has faced difficulties scheduling an in-person meeting with defendant in light of quarantines imposed, and personal risk factors considered, regarding the recent and global spread of the omicron variant of the COVID-19 virus.

4. The parties therefore compared respective calendars, as well as considered when it may next be feasible for defense counsel to meet with defendant in person to discuss the terms of this case's potential resolution.  The parties also contacted chambers regarding this matter regarding its availability, and after considering the above factors determined March 7, 2022 as the next feasible date by which to attend a continued change of plea hearing with a signed plea agreement filed and in-hand.

5. The parties therefore stipulate that the period of time from January 24, 2022, through March 7, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties' proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  January 17, 2022                           PHILLIP A. TALBERT
                                                   United States Attorney

                                              By:  /s/ Brian W. Enos
                                                   Brian W. Enos
                                                   Assistant United States Attorney


                                                   (*As authorized 1/18/22*)

Dated: January 18, 2022                       By:  /s/ Galatea R. DeLapp
                                                   Galatea R. DeLapp, Esq.
                                                   Attorney for Defendant
                                                   Louie Santiago Seja, Jr.

4

**O R D E R**

Pursuant to the stipulation of the parties, the change of plea hearing set for January 24, 2022 is hereby continued to Monday, March 7, 2022, at 9:00 am.

IT IS FURTHER ORDERED THAT the period of time from January 24, 2022, through March 7, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties' proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **January 18, 2022**                              _Dale A. Drozd_
                                                            UNITED STATES DISTRICT JUDGE

5