1   Galatea DeLapp, CA Bar #181581
    Attorney at Law
2   1541 East Fairmont Ave., Suite 104
3   Fresno, CA 93704
    (559) 803-0471

4

5   Attorney for Defendant
6   Louie Santiago Seja, Jr.

7                    **UNITED STATES DISTRICT COURT**

8                    **EASTERN DISTRICT OF CALIFORNIA**

9

10  UNITED STATES OF AMERICA,            Case No: 1:19-cr-00243 DAD/BAM

11                      Plaintiff,       **STIPULATION TO CONTINUE MAY 23, 2022
                                         CHANGE OF PLEA HEARING TO AUGUST 15,**
12                                       **2022; ORDER**

13                  v.                   Ctrm:    5

14  LOUIE SANTIAGO SEJA, JR.,            Hon. Dale A. Drozd

15                      Defendant.

16

17

18          This case is set for a continued change of plea hearing in Courtroom 5 on May 23, 2022.  .  It

19  was continued from its commencement on March 7, 2022, when, after defendant inform[ed] the court of

20  his medication and a medical condition defense counsel requested a continuance of the change of plea

21  hearing for further discussion of defendant, as well as to obtain and analyze medical records prior to

22  proceeding with defendant's Rule 11 colloquy.  Counsel for the government and the court agreed with

23  defense counsel's request.  For reasons stated below and based on good cause, the parties ask that the

24  continued change of plea hearing set for May 23, 2022 again be continued until August 15, 2022.

25          On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the

26  Eastern District of California "until further notice."  Under General Order 618, a judge "may exercise

27  his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the

28                                           1

court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Monday, May 23, 2022 change of plea hearing in Courtroom 5 be continued to Monday, August 15, 2022 (9:00 am).** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. On March 7, 2022, defendant's change of plea hearing commenced before the court.  After defendant advised the court about the status of his mental health and the extent of his medication regimen attendant to the same, defense counsel requested that the change of plea hearing be continued so she could further communicate about this issue with defendant, as well as seek, obtain and analyze mental records potentially relevant to the same.  Counsel for the government and the court agreed with this request, and the matter was continued to April 11, 2022.  Dkt. 41.

2. On April 6, 2022, counsel for the parties discussed the status of the case in detail.  Pursuant to the same, defense counsel advised counsel for the government that the defense needed more time to obtain and review certain medical records that may relate to the extent defendant could competently proceed with a Rule 11 colloquy at the continued change of plea hearing.  The parties then promptly contacted the court about this matter, and pursuant to this contact learned that May 23, 2022 was the next Monday when both the parties and the court would be available for a continued change of plea hearing.

3. On May 17, 2022, counsel for the parties discussed the status of the case in detail.  Pursuant to the same, defense counsel advised counsel for the government that the defense needed more time to obtain and review certain medical records that may relate to the extent defendant could competently proceed with a Rule 11 colloquy at the continued change of plea hearing.  The parties then promptly contacted the court about this matter, and pursuant to this contact agreed that August 15, 2022 would be an appropriate date for the change of plea hearing in light of document acquisition timing issues.

4. Defendant is in custody at the Fresno County Jail.

5. The parties therefore stipulate that the period of time from May 23, 2022 through August 15, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties' proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh

1    the best interest of the public and the defendant in a speedy trial.

2

3    IT IS SO STIPULATED.

4

5    Dated: May 18, 2022                    By:   /s/ Galatea R. DeLapp
                                                 Galatea R. DeLapp, Esq.
6                                                Attorney for Defendant
                                                 Louie Santiago Seja, Jr.
7

8    Dated:  May 18, 2022                          PHILLIP A. TALBERT
                                                   United States Attorney
9
                                             By:   /s/ Brian W. Enos
10                                                 Brian W. Enos
                                                   Assistant United States Attorney
11

12                                                 (As authorized 518/22)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**O R D E R**

2      IT IS ORDERED that the change of plea hearing set for May 23, 2022 is continued to Monday,

3   August 15, 2022, at 9:00 am.

4      IT IS FURTHER ORDERED THAT the period of time from May 23, 2022 through August 15, ,

5   2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(G) so the court can consider the parties'

6   proposed plea agreement and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it

7   results from a continuance granted by the Court at defendants' request on the basis of the Court's

8   finding that the ends of justice served by taking such action outweigh the best interest of the public and

9   the defendant in a speedy trial.

10   IT IS SO ORDERED.

11

12      Dated:   __**May 18, 2022**__                    _____

13                                                     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28