PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:19-cr-00243 DAD/BAM |
| Plaintiff, | **STIPULATION TO: (1) VACATE SEPTEMBER 19, 2022 CONTINUED CHANGE OF PLEA HEARING; (2) REQUEST COMPETENCY EVALUATION PURSUANT TO 18 U.S.C. §§ 4241 AND 4247; AND (3) SET DECEMBER 12, 2022 STATUS CONFERENCE; ORDER** |
| v. | |
| LOUIE SANTIAGO SEJA, JR., | |
| Defendant. | |
| | Hon. Ana I. de Alba |

At the conclusion of this action's August 15, 2022 status conference, the court set defendant Louie Santiago Seja, Jr.'s ("Mr. Seja") continued change of plea hearing to take place on September 19, 2022 (Courtroom 1). Dkt. 46. This change of plea hearing had commenced on March 7, 2022. Dkt. 41. During the court's Rule 11 colloquy, however, Mr. Seja's answers to the court's questions about his mental health and attendant medication regimen compelled defense counsel to ask the court to suspend the completion of the change of plea hearing so she could both (1) obtain and analyze Mr. Seja's medical records, and (2) make a proper assessment of his ability to competently proceed with its completion. Counsel for the government did not object to the defense's request, and the court granted it

1

at the March 7, 2022 hearing.  Dkt. 41.

Since this time, defense counsel has communicated with Mr. Seja in the Fresno County Jail, in detail and on several occasions.  She has also obtained a substantial amount of medical records regarding Mr. Seja's mental health.  The defense's continued efforts in seeking additional records in this regard were discussed with the court, in camera, during part of this action's August 15, 2022 status conference.  Dkt. 46.

On September 8, 2022, the parties met with the court in chambers via videoconference, wherein defense counsel requested that, prior to the continuation of Mr. Seja's change of plea hearing, his competency be examined within a Bureau of Prisons facility, specifically the extent he is able to (1) understand the nature and consequences of the proceedings against him, and (2) assist properly in his defense.  Counsel for the defense based her request in this regard on her analysis of medical records received, discussions with both Mr. Seja, and confidential, in camera discussions with the court at the August 15, 2022 status conference.

Counsel for the government agrees with the defense's request in this regard.  On this end, the parties note that where the court is presented with representations which form a reasonable basis to believe a defendant may lack the mental fitness to proceed, whether by motion, by facts coming before it, or through its own observations, the court is mandated to order a psychiatric or psychological exam. *See generally Chavez v. United States*, 656 F.2d 512, 516-18 (9th Cir. 1981).

The parties ask the court to endorse this stipulation by way of formal order, and in accord with 18 U.S.C. §§ 3161, 4241 and 4247.

**STIPULATION**

For the reasons set forth herein, the parties stipulate, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for Mr. Seja, that:

(1) the continued change of plea hearing set for September 19, 2022 be vacated;

(2) Mr. Seja undergo:

    (a) a psychiatric and/or psychological examination pursuant to 18 U.S.C. § 4241 and

2

   (b) a report be filed pursuant to 18 U.S.C. § 4247 in order to assist the court in determining whether Mr. Seja lacks the present ability to consult with counsel in a meaningful way and whether he is unable to properly assist in his defense; and

 (3) set a status conference for December 12, 2022, at 8:30 a.m. in Courtroom 1.[1]

The parties further stipulate that the period of time from September 19, 2022, through December 12, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

 IT IS SO STIPULATED.

Dated: September 12, 2022           PHILLIP A. TALBERT
                     United States Attorney

                   By: /s/ Brian W. Enos
                     Brian W. Enos
                     Assistant United States Attorney

                      (*As authorized 9/12/22*)

Dated: September 12, 2022          By: /s/ Galatea R. DeLapp
                      Galatea R. DeLapp, Esq.
                      Attorney for Defendant
                      Louie Santiago Seja, Jr.

IT IS SO ORDERED.

 Dated: September 13, 2022                   
                       UNITED STATES DISTRICT JUDGE

---

[1] The parties cleared the December 12, 2022 date with the court during the September 8, 2022 videoconference.

# **O R D E R**

IT IS ORDERED that:

1. This action's continued change of plea hearing currently set for September 19, 2022 is vacated;
2. Pursuant to 18 U.S.C. §4241(b):
    a. An examination of Mr. Seja's competency shall be conducted and a psychiatric and/or psychological report of this examination shall be filed with the court pursuant to the provisions of 18 U.S.C. §4247(b) and (c);
    b. Mr. Seja is committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to transfer him to a suitable facility for examination, with the court recommending a suitable facility within reasonable proximity to this District;
    c. Mr. Seja shall submit to a psychiatric and/or psychological examination by an examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18 U.S.C. § 4247(b);
    d. The psychiatric and/or psychological report ordered shall be prepared by the Bureau of Prisons and shall be filed with the Court with copies provided to counsel for Mr. Seja and to the attorney for the Government, and shall include: (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests employed and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis, prognosis; and (5) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;
    e. Mr. Seja, through his lawyer Galatea R. DeLapp, shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to the examiner;
    f. A copy of this order shall be provided to the U.S. Marshal's Office which shall make arrangements as necessary for the examination of the defendant;

4

   g. A copy of this Order shall be provided to the U.S. Bureau of Prisons;

   h. Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination; and

   i. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2)."

3. A status conference is set for Monday, December 12, 2022, at 8:30 am.

IT IS FURTHER ORDERED THAT the period of time from September 19, 2022, through December 12, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.