PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LOUIE SANTIAGO SEJA, JR., <br><br> Defendant. | Case No: 1:19-cr-00243 DAD/BAM <br><br> **STIPULATION TO CONTINUE DECEMBER 12, 2022 STATUS CONFERENCE TO JANUARY 23, 2023; ORDER** <br><br> Ctrm: 1 <br><br> Hon. Ana I. de Alba |

This case is set for a status conference on December 12, 2022. Dkt. 52. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and

1

previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through December 17, 2022. General Order 655 (E.D. Cal. September 19, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Galatea R. DeLapp, counsel for

defendant Louie Santiago Seja, Jr. ("defendant"), that this action's **Monday, December 22, 2022 status conference be continued to Monday, January 23, 2023, at 9:00 a.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. At the conclusion of this action's August 15, 2022, status conference, the court set defendant's continued change of plea hearing to take place on September 19, 2022. Dkt. 46. This change of plea hearing had originally commenced on March 7, 2022. Dkt. 41. During the court's Rule 11 colloquy, however, Mr. Seja's answers to the court's questions about his mental health and attendant medication regimen compelled defense counsel to ask the court to suspend the completion of the change of plea hearing so she could both (1) obtain and analyze Mr. Seja's medical records, and (2) make a proper assessment of his ability to competently proceed with its completion. Counsel for the government did not object to the defense's request, and the court granted it at the March 7, 2022, hearing. Dkt. 41.

2. Defense counsel thereafter communicated with Mr. Seja in the Fresno County Jail, in detail and on several occasions. She also obtained a substantial amount of medical records regarding Mr. Seja's mental health. The defense's continued efforts in seeking additional records in this regard were discussed with the court, in camera, during part of this action's August 15, 2022, status conference. Dkt. 46.

3. On September 8, 2022, the parties met with the court in chambers via videoconference, wherein defense counsel requested that, prior to the continuation of Mr. Seja's change of plea hearing, his competency be examined within a Bureau of Prisons facility, specifically the extent he is able to (1) understand the nature and consequences of the proceedings against him, and (2) assist properly in his defense. Counsel for the defense based her request in this regard on her analysis of medical records received, discussions with both Mr. Seja, and confidential, in camera discussions with the court at the August 15, 2022, status conference.

4. Counsel for the government agreed with the defense's request in this regard. On this end, the parties stipulated to: (1) vacate the previously scheduled September 19, 2022, continued

change of plea hearing; (2) the Bureau of Prisons evaluating defendant's competency pursuant to 18 U.S.C. §§ 4241 and 4247; and (3) the setting of a status conference on December 12, 2022, to discuss the status of defendant's competency evaluation. The court endorsed this stipulation by way of formal order on September 14, 2022. Dkt. 52.

5. On October 20, 2022, Warden W.Z. Jenkins II of the Bureau of Prisons' Metropolitan Detention Center ("MDC") in Los Angeles wrote the court a letter, wherein he advised that:

   a. defendant had arrived at the MDC on September 29, 2022, but since the "MDC is experiencing delays, and has been under modified operations, to include restricted movement within the facility and a required quarantine period for all new arrivals to the facility" which was "expected to continue indefinitely", Warden Jenkins asked the court "to determine that commitment for the evaluation commence upon the date he was medically cleared, October 10, 2022;"

   b. MDC "has experienced large numbers of evaluation cases arriving on the same date, which has impacted our ability to conduct and complete evaluations under normal time frames"; and

   c. in light of the above, Warden Jenkins requested that the court provide it with an extension of time (from the default time frames set forth in 18 U.S.C. § 4241, et seq.) by which the evaluation could be completed until December 14, 2022, with a resulting report of the evaluation to be submitted to the court by January 4, 2023.

6. After hearing from the court in this regard and understanding that the court granted the above requests, the parties discussed this issue with chambers and pursuant to the same identified January 23, 2023, as a continued status conference date wherein both the parties and the court are available to address IN PERSON the status of the case, reports regarding competency received, and Mr. Seja's return to the Eastern District of California.

7. The parties therefore stipulate that the period of time from December 12, 2022 through January 23, 2023 is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(A) because the proceedings relating to defendant's mental competency as described above remain

5

1  ongoing; as well as (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it
2  results from a continuance granted by the Court at the parties' request on the basis of the
3  Court's finding that the ends of justice served by taking such action outweigh the
4  best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  November 1, 2022                    PHILLIP A. TALBERT
                                            United States Attorney

                                     By:   /s/ Brian W. Enos
                                            Brian W. Enos
                                            Assistant United States Attorney


                                            (*As authorized 11/2/22*)

Dated: November 2, 2022              By:   /s/ Galatea R. DeLapp
                                            Galatea R. DeLapp, Esq.
                                            Attorney for Defendant
                                            Louie Santiago Seja, Jr.

**O R D E R**

IT IS ORDERED that the status hearing currently set for December 12, 2022, at 9:00 am is continued until January 23, 2023, at 9:00 a.m. and all parties are required to be present IN PERSON.

IT IS FURTHER ORDERED THAT the period of time from December 12, 2022, through January 23, 2023 is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   November 2, 2022

UNITED STATES DISTRICT JUDGE