PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br><br>                    v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>                              Defendant. | Case No: 1:19-cr-00243 ADA-BAM<br><br>**STIPULATION TO CONTINUE AUGUST 14, 2023 STATUS CONFERENCE TO NOVEMBER 27, 2023;  ORDER**<br><br><br>Ctrm:    1<br><br>Hon. Ana I. de Alba |

This case is set for a status conference on August 14, 2023.  For the reasons below the parties have stipulated that the court continue the next status conference to November 27, 2023.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

///

1

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

Even though the COVID-19 panic has decreased in severity, some aspects of it have contributed to the length of time this case has been pending, particularly the length of time it took for the court and parties to receive an evaluation of the defendant's mental competence to continue with a guilty plea. Accordingly, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).  When continued, this court should designate a new date for the hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties therefore stipulate as follows:

1.      By previous order this matter was set for a status conference hearing on August 14, 2023. The court and parties selected this date with the hope and belief that it would be sufficient time to receive and analyze an evaluation of the defendant's mental competence to continue with a guilty plea.

2.      An issue with the defendant's mental competence arose during a change of plea hearing on March 7, 2022.  Dkt. 41.  During the court's Rule 11 colloquy, Mr. Seja's answers to the court's questions about his mental health and attendant medication regimen compelled defense counsel to ask the court to suspend the completion of the change of plea hearing so she could both (1) obtain and analyze Mr. Seja's medical records, and (2) make a proper assessment of his ability to competently proceed with its completion.  Counsel for the government did not object to the defense's request, and the

2

1   court granted it at the March 7, 2022 hearing.  Dkt. 41.

2   3.   Defense counsel thereafter communicated in detail with Mr. Seja in the Fresno County

3   Jail on several occasions.  She also obtained a substantial amount of medical records regarding Mr.

4   Seja's mental health.  The defense's continued efforts in seeking additional records in this regard were

5   discussed with the court, in camera, during part of this action's August 15, 2022, status conference.  Dkt.

6   46.

7   4.   On September 8, 2022, the parties met with the court in chambers via videoconference,

8   wherein defense counsel requested that, prior to the continuation of Mr. Seja's change of plea hearing,

9   his competency be examined within a Bureau of Prisons facility.  It was requested that any examination

10   include an analysis of the extent he is able to (1) understand the nature and consequences of the

11   proceedings against him, and (2) assist properly in his defense.  Counsel for the defense based her

12   request in this regard on her analysis of medical records received, discussions with both Mr. Seja, as

13   well as confidential, in camera discussions with the court at the August 15, 2022 status conference.

14   5.   Previously the parties stipulated to: (1) vacate the previously scheduled September 19,

15   2022, continued change of plea hearing; (2) the Bureau of Prisons evaluating defendant's competency

16   pursuant to 18 U.S.C. §§ 4241 and 4247; and (3) the setting of a status conference on December 12,

17   2022, to discuss the status of defendant's competency evaluation.  The court endorsed this stipulation by

18   way of formal order on September 14, 2022.  Dkt. 52.

19   6.   On October 20, 2022, Warden W.Z. Jenkins II of the Bureau of Prisons' Metropolitan

20   Detention Center ("MDC") in Los Angeles wrote the court a letter, wherein he advised that:

21   a.   defendant had arrived at the MDC on September 29, 2022, but since the "MDC is

22   experiencing delays, and has been under modified operations, to include restricted

23   movement within the facility and a required quarantine period for all new arrivals to

24   the facility" which was "expected to continue indefinitely", Warden Jenkins asked the

25   court "to determine that commitment for the evaluation commence upon the date he

26   was medically cleared, October 10, 2022";

27   b.   MDC "has experienced large numbers of evaluation cases arriving on the same date,

28   <center>3</center>

which has impacted our ability to conduct and complete evaluations under normal
time frames"; and

 c. In light of the above, Warden Jenkins requested that the court provide it with an
extension of time (from the default time frames set forth in 18 U.S.C. § 4241, et seq.)
by which the evaluation could be completed until December 14, 2022, with a
resulting report of the evaluation to be submitted to the court by January 4, 2023.

 d. Months later, both parties were independently contacted by Dr. Tiffany Smith of the
BOP's Medical Detention Center in Los Angeles, advising that her colleague
previously assigned to assess Mr. Seja's competency no longer worked for the BOP,
and discovery materials previously sent to that colleague had not been located.  As a
result, Dr. Smith asked counsel for each party to again provide a copy of all materials
previously provided to the BOP.  Both parties immediately re-submitted requested
materials to Dr. Smith.

7. On July 27, 2023, the parties finally received the report assessing Mr. Seja's competency. It
limited its competency finding to after his arrest and not the time leading up to it. It disclosed
information about a mental health half-way house Mr. Seja was released to after his
incarceration and during relevant times of the offense.  Defense counsel was not previously
aware of the defendant's residence at this facility.

8. Defense counsel needs time to review the report with Mr. Seja and to obtain records from the
mental health half-way house.  Counsel for the defense believes this will take at least ten
weeks to obtain records and review them with her client. Counsel for both parties have trials
and/or already prepaid MCLE commitments until November 27, 2023.

9. The parties therefore stipulate that the period of time from August 14, 2023 through
November 27, 2023, is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(A)
because the proceedings relating to defendant's mental competency as described above
remain ongoing; as well as (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)

4

because it results from a continuance granted by the court at the parties' request on the basis

of the court's finding that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  August 8, 2023                                    PHILLIP A. TALBERT
                                                         United States Attorney

                                               By:   /s/ David Gappa
                                                     David Gappa
                                                     Assistant United States Attorney

Dated: August 8, 2023                            By:  /s/ Galatea R. DeLapp
                                                     Galatea R. DeLapp, Esq.
                                                     Attorney for Defendant
                                                     Louie Santiago Seja, Jr.

IT IS SO ORDERED.

Dated:   August 9, 2023                          _____
                                                 UNITED STATES DISTRICT JUDGE

5

1

2

3

4              **UNITED STATES DISTRICT COURT**

5              **EASTERN DISTRICT OF CALIFORNIA**

6

7  UNITED STATES OF AMERICA,              Case No: 1:19-cr-00243 ADA/BAM

8                        Plaintiff,        **ORDER TO CONTINUE AUGUST 14, 2023
                                           STATUS CONFERENCE TO NOVEMBER 27,**
9                                          **2023**

10                       v.

11  LOUIE SANTIAGO SEJA, JR.,             Ctrm:    1

12                       Defendant.       Hon. Ana I. de Alba

13

14

15                            **O R D E R**

16       IT IS ORDERED that the status hearing currently set for August 14, 2023, at 8:30 am is

17  continued until November 27, 2023, at 8:30 am.

18       IT IS FURTHER ORDERED THAT the period of time from August 14, 2023, through

19  November 27, 2023 is deemed excludable under 18 U.S.C. § 3161(h)(1)(A) in that this time period

20  results from "any proceeding, including examinations, to determine the mental competency or physical

21  capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it

22  results from a continuance granted by the Court at the parties' request on the basis of the Court's finding

23  that the ends of justice served by taking such action outweigh the best interest of the public and the

24  defendant in a speedy trial.

25

26

27

28                            6