Galatea DeLapp, CA Bar #181581
Attorney at Law
1541 East Fairmont Ave., Suite 104
Fresno, CA 93704
(559) 803-0471

Attorney for Defendant
LOUIE SANTIAGO SEJA, JR.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>　　　　　　　　　Defendant. | Case No: 1:19-cr-00243-NODJ-BAM<br><br>**STIPULATION TO CONTINUE FEBRUARY 26, 2024, STATUS CONFERENCE TO JUNE 17, 2024; AND ORDER** |

　　　　This case is set for a status conference on February 26, 2024. For the reasons below the parties have stipulated that the court continue the next status conference to June 17, 2024. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

///

1

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

Even though the COVID-19 panic has decreased in severity, some aspects of it have contributed to the length of time this case has been pending, particularly the length of time it took for the court and parties to receive an evaluation of the defendant's mental competence to continue with a guilty plea. Accordingly, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties therefore stipulate as follows:

1. By previous order this matter was set for a status conference hearing on February 26, 2024. The court and parties selected this date with the hope and belief that it would be sufficient time to receive and analyze an evaluation of the defendant's mental competence and to obtain additional psychiatric records from a facility to which the defendant went after an incarceration that was newly revealed in a mental competency evaluation.

2. An issue with the defendant's mental competence arose during a change of plea hearing on March 7, 2022. Dkt. 41. During the court's Rule 11 colloquy, Mr. Seja's answers to the court's questions about his mental health and attendant medication regimen compelled defense counsel to ask the court to suspend the completion of the change of plea hearing so she could both (1) obtain and

analyze Mr. Seja's medical records, and (2) make a proper assessment of his ability to competently proceed with its completion. Counsel for the government did not object to the defense's request, and the court granted it at the March 7, 2022 hearing. Dkt. 41.

      3.     Defense counsel thereafter communicated in detail with Mr. Seja in the Fresno County Jail. She also obtained a substantial amount of medical records regarding Mr. Seja's mental health. The defense's continued efforts in seeking additional records in this regard were discussed with the court, in camera, during part of this action's August 15, 2022, status conference. Dkt. 46.

      4.     On September 8, 2022, the parties met with the court in chambers via videoconference, wherein defense counsel requested that, prior to the continuation of Mr. Seja's change of plea hearing, his competency be examined within a Bureau of Prisons facility. It was requested that any examination include an analysis of the extent he is able to (1) understand the nature and consequences of the proceedings against him, and (2) assist properly in his defense. Counsel for the defense based her request in this regard on her analysis of medical records received, discussions with both Mr. Seja, as well as confidential, in camera discussions with the court at the August 15, 2022 status conference.

      5.     Previously the parties stipulated to: (1) vacate the previously-scheduled September 19, 2022, continued change of plea hearing; (2) the Bureau of Prisons evaluating defendant's competency pursuant to 18 U.S.C. §§ 4241 and 4247; and (3) the setting of a status conference on December 12, 2022, to discuss the status of defendant's competency evaluation. The court endorsed this stipulation by way of formal order on September 14, 2022. Dkt. 52.

      6.     On October 20, 2022, Warden W.Z. Jenkins II of the Bureau of Prisons' Metropolitan Detention Center ("MDC") in Los Angeles wrote the court a letter, wherein he advised that:

          a.   defendant had arrived at the MDC on September 29, 2022, but since the "MDC is experiencing delays, and has been under modified operations, to include restricted movement within the facility and a required quarantine period for all new arrivals to the facility" which was "expected to continue indefinitely", Warden Jenkins asked the court "to determine that commitment for the evaluation commence upon the date he was medically cleared, October 10, 2022";

3

    b. MDC "has experienced large numbers of evaluation cases arriving on the same date, which has impacted our ability to conduct and complete evaluations under normal time frames"; and

    c. in light of the above, Warden Jenkins requested that the court provide it with an extension of time (from the default time frames set forth in 18 U.S.C. § 4241, et seq.) by which the evaluation could be completed until December 14, 2022, with a resulting report of the evaluation to be submitted to the court by January 4, 2023.

    d. Months later, both parties were independently contacted by Dr. Tiffany Smith of the BOP's Medical Detention Center in Los Angeles, advising that her colleague previously assigned to assess Mr. Seja's competency no longer worked for the BOP, and discovery materials previously sent to that colleague had not been located. As a result, Dr. Smith asked counsel for each party to again provide a copy of all materials previously provided to the BOP. Both parties immediately re-submitted requested materials to Dr. Smith.

7. On July 27, 2023, the parties finally received the report assessing Mr. Seja's competency. It limited its competency finding to after his arrest and not the time leading up to it. It disclosed information about a mental health half-way house Mr. Seja was released to after his incarceration and during relevant times of the offense. Defense counsel was not previously aware of the defendant's residence at this facility.

8. Defense counsel needs time to obtain records from the mental health half-way house. Counsel for the defense believes this will take at least twelve weeks to obtain records and review them with her client, and to obtain additional records about a pharmacy where the halfway house was sending prescriptions for the client, and records from the state prison showing these medications were also prescribed at the prison prior to his release.

9. The parties therefore stipulate that the period of time from February 26, 2024 through June 17, 2024 is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(A) because the

proceedings relating to defendant's mental competency as described above remain ongoing; as well as (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the court at the parties' request on the basis of the court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: February 15, 2024         By: /s/ Galatea R. DeLapp
                                      Galatea R. DeLapp, Esq.
                                      Attorney for Defendant
                                      Louie Santiago Seja, Jr.

                                      PHILLIP A. TALBERT
Dated:  February 15, 2024             United States Attorney

                                 By:  /s/ David Gappa
                                      David Gappa
                                      Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIE SANTIAGO SEJA, JR.,<br><br>　　　　　　　　　　Defendant. | Case No: 1:19-cr-00243-ADA-BAM<br><br>**ORDER TO CONTINUE FEBRUARY 26, 2024 STATUS CONFERENCE TO JUNE 17, 2024** |

　　　　IT IS ORDERED that the status hearing currently set for February 26, 2024, at 9:30 am is continued until **June 17, 2024, at 8:30 a.m. in Courtroom 5 before the District Court Judge**.

　　　　IT IS FURTHER ORDERED THAT the period of time from February 26, 2024 through June 17, 2024 is deemed excludable under 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant" and 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:　**February 16, 2024**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE